ABRAHAM JACKSON, Administrator, *vs.* LAWRENCE RICHARDS & another.

In an action on a recognizance under the Rev. Sts. *c.* 104, § 10, to prosecute an appeal from a judgment of a justice's court for possession of a tenement, and to pay the rent already due and all intervening rent, damages and costs, the plaintiff, under a declaration alleging that the defendants have not paid said rent due and in arrear, and all intervening rent, damages and costs, may, if the defendant does not demur or move for a more particular statement, recover the full value of the rent, though increased since the commencement of the suit for possession.

ACTION OF CONTRACT on a recognizance into which Richards as principal and the other defendant as surety entered with the plaintiff's intestate under the Rev. Sts. *c.* 104, § 10, to prosecute an appeal to the superior court from a judgment of the justices' court of Boston for possession of a tenement in an action under that chapter, and to pay all rent already due and all intervening rent, damages and costs. The declaration set forth the substance of the recognizance, its return into the superior court,

judgment in that court for the possession of the premises, and for costs, and that the defendants had not paid " said rent due and in arrear, and all intervening rent, damages and costs," but had wholly neglected so to do, and that by reason thereof the condition of the recognizance had been broken.

The answer put in issue the making of the recognizance, and, as at first filed, contained a demurrer, which was afterwards stricken out on the defendants' motion.

Trial and verdict for the plaintiff in the superior court of Suffolk at March term 1859, before *Allen,* C. J., who signed this bill of exceptions: " The plaintiff offered evidence to show the whole amount of the rent claimed to be due, it being an increased rent after suit was commenced for possession. To which evidence the defendants objected, on the ground that said rent had not been alleged in the plaintiff's declaration. The judge ruled the evidence admissible. To which ruling the defendants except."

*E. M. Bigelow,* for the defendants.

*A. Jackson, pro se.*

CHAPMAN, J. The declaration in this case contains a very general and imperfect statement that rent is due. The defendants at first demurred to it, but afterwards withdrew their demurrer, and went to trial as if the declaration were good. The exception taken by them does not raise the question whether the allegation respecting the rent is sufficient to authorize any proof on that subject; but it concedes that it is sufficient to enable the plaintiff to recover for all the rent due except increased rent. If it gave the defendants sufficient notice of the claim, it answered its purpose, however imperfectly the notice was stated. If they desired to have a more perfect statement, they might have insisted on their demurrer, or moved for a more particular statement, or objected to any evidence respecting rent. As they did neither, and as they conceded that the declaration gave them a general notice that rent was claimed, we think it was a notice that included all the rent legally due, and that the exception which they have taken cannot be sustained. *Exceptions overruled·*